LEWIS BODMAN & another *vs.* AMERICAN TRACT SOCIETY & others.

AMERICAN TRACT SOCIETY *vs.* ALEXANDER DE WITT.

If there are two societies of the same name which is used by a testator to describe a legatee, extrinsic evidence is to be resorted to for the purpose of ascertaining which he had in mind.

THE *first* of these cases was a suit in equity, in the nature of a bill of interpleader, brought by the administrators with the will annexed of Luman Pease, setting forth that the seventh clause of said will was as follows : " Seventh, I will and be-queath the remainder of my estate to the American Bible Society, the American Tract Society, the Foreign Missionary Society under the direction of the American Board of Commissioners for Foreign Missions, the Home Missionary Society for the state of Massachusetts, and the Education Society for the state of Massachusetts, in equal shares to each of the above-mentioned societies." The bill further set forth that there are two societies bearing the name of the American Tract Society

one of them having a charter of incorporation from the state of New York, and a usual place of business in the city of New York, and the other having a charter of incorporation from the Commonwealth of Massachusetts, and a usual place of business in Boston; that each society habitually maintains agencies and solicits donations in Massachusetts, and each claims to be the society referred to in said bequest, and forbids the plaintiffs to pay the amount of the bequest to the other; and that the remainder of the testator's estate, to be disposed of under the residuary bequest, was considerable. The prayer was, that the two societies might be summoned in to interplead.

An order having been passed for the two societies to inter-plead, both societies appeared and filed answers, setting forth the grounds of their respective claims.

The *second* case was an action of contract, brought in this court by the American Tract Society established in Boston, against the administrator with the will annexed of Elnathan Jones, to recover the amount of a legacy, bequeathed under the following clause of the will: " Fifth, I give and bequeath to the American Tract Society the sum of one thousand dollars, for the use of said society, their successors and assigns forever." The answer denied that the said legacy was given to the plain-tiffs, and averred that it was given to another society of the same name, established in New York, which was the society intended by the testator.

It was ordered, by consent of parties, that all the testimony in both of the suits should be taken before a commissioner and reported to the court, and that the causes should be argued upon said testimony before the whole court. . Voluminous testimony was accordingly taken and reported, portions of which are stated in the opinion.

*B. R. Curtis & E. Merwin*, for the Boston society.

*I. F. Redfield & W. A. Herrick*, for the New York society, and De Witt.

BIGELOW, C. J. There is no contention at the bar as to the principles of law by which these cases are to be determined. Each of the clauses in the wills of the two testators by which

bequests are given to the American Tract Society is on its face clear and intelligible. There is no ambiguity or uncertainty in the language of the instruments. The purpose or object for which the testators designed to give a portion of their estates is aptly and appropriately designated. We are not called on in these cases to give an interpretation to wills where the words descriptive of the legatee are inapplicable with certainty to any subject, and parol evidence is sought to be introduced for the purpose of rendering intelligible that which on the face of the wills is uncertain and obscure. The ambiguity with which we have to deal arises on evidence of extrinsic facts. It is the existence of two bodies bearing the same corporate name as that inserted in the wills, which renders the meaning of the bequests doubtful. The ambiguity is therefore latent, and on well established principles it can be helped and explained by evidence *dehors* the instruments. Such evidence does not vary the written language. It only enables the court to reject one of the two subjects to which the description applies, and to ascertain which of them the testator understood to be signified by the words used in the will. It is necessarily assumed in all cases where such latent ambiguity arises in the interpretation of a will by the existence of two persons or objects which answer the description given by the testator, that he was ignorant of the fact or did not remember that the two were known and called by the same name. This assumption rests on the ground that it is reasonable to suppose that if the testator had known of the existence of two objects bearing the same name, he would have made the description more definite, so as to remove the ambiguity. The law permits oral evidence to be introduced in such cases for the purpose of showing which subject was known to the testator, or which he had in mind when he inserted the name in his will. Wigram on Extrinsic Evidence, §§ 150, 181. *Doe* v. *Needs*, 2 M. & W. 129, 139. *Hiscocks* v. *Hiscocks*, 5 M. & W. 363. *Richardson* v. *Watson*, 4 B. & Ad. 800. 1 Greenl. Ev. § 290.

In looking into the evidence which has been adduced in the suit in equity to show the intent of the testator, Luman Pease, in giving to the American Tract Society a portion of the residue

of his estate, in order to ascertain which of the two corpora-
tions bearing that name he understood to be designated by the
words of the will, it seems to us to be clearly proved that he had
in his mind at the time of executing the instrument the corpora-
tion established and carrying on business in the city of New
York, under the laws of the state of New York, by which a
corporation of that name was created. This is clearly proved
by the testimony of the scrivener by whom the will was written.
It is not denied by the learned counsel who represent the Amer-
ican Tract Society established in Boston, that the testimony of
this witness is decisive against their claim to the legacy of Mr.
Pease, if it is worthy of credit. Various reasons have been
urged by them, mainly drawn from the nature of the evidence
given by the witness, and the tenor of the answers made by him
to certain interrogatories, which they contend lead to the con-
clusion that his testimony is to be greatly distrusted, if not re-
jected altogether. But after careful consideration, we cannot
come to this result. There is no inherent improbability in the
statements of the witness, and no palpable evasion or equivoca-
tion in his answers. Nor are we able to see that there is any
alternative between a total rejection of his evidence, on the
ground that he has wilfully testified falsely, or an absolute ac-
ceptance of it as a truthful statement of facts. We cannot
adopt the first branch of this alternative, because there is no
apparent reason for the belief that the witness has committed
perjury in relation to a matter in which he has no personal in-
terest, and concerning which no bias or prejudice in his mind is
shown to exist. This consideration is strengthened by the fact
that the testimony of the widow of the testator, and of other
persons who were acquainted with him and knew his opinions
on certain subjects which would tend to create in his mind a
favorable regard for the tract society in New York, confirms the
statement of the scrivener that he intended that society to be
the object of his bounty. Taking the whole evidence into view,
we are of opinion that a decree must be entered in the suit
in equity that the American Tract Society of New York is en-
titled to receive the bequest given by the seventh clause of the
testator's will.

The question raised in the suit at law as to the intent of the testator, Jones, in making a bequest to the American Tract Society, is more difficult of solution. There is no direct evidence concerning that intention, and no facts are proved by either party from which it can be conclusively inferred. So far as there is any evidence in the case bearing on the question, it tends to prove that the testator had knowledge of the existence of the society in Boston, and had often contributed to its funds But there is no evidence to show that he was aware of the exist ence of a distinct society bearing the same name in the city of New York. In this state of the evidence, it is material to bear in mind that the American Tract Society in Boston was incor porated by the legislature of this commonwealth many years prior to the grant of an act of incorporation to the society of the same name established in New York, under the laws of that state; that the society in Boston, from the date of its charter in 1825 to the time of the death of the testator, had regularly kept up its corporate organization, elected officers annually, held public anniversary meetings, maintained a regular place for the transaction of business in Boston, constantly solicited and received contributions of money in the churches and from individuals throughout the larger part of the state of Massachusetts and in other New England states, and has continued without intermission to prosecute, under its corporate name, the religious and charitable objects for which it was established, during the whole period of its existence as a corporation. Taking all these facts into consideration, we cannot doubt as to the result to which it is our duty to come. The testator was a citizen of Massachusetts, domiciled and residing here at the time of the execution of his will, and at his death. He makes a bequest to an association or corporation, designating it by the legal name of a body corporate established, organized and carrying on business as a corporation under and by virtue of the laws of Massachusetts, of the existence of which there is evidence tending to prove he was aware, and to which during his lifetime there is reason to believe he had made contributions in money. The reasonable and just inference from these facts and circumstances,

in the absence of controlling evidence, seems to us to be that the testator intended his bequest to be for the use and benefit of such domestic corporation, and not of a foreign corporation created and organized and having its place of business in another state, of the actual existence of which there is no certain or positive evidence that he had any knowledge.

We have examined and considered with great care the large mass of evidence introduced by the parties concerning the connection and affiliation of the society in Boston with that of New York. Taking it all together, and giving to it the full measure of influence to which it is entitled, we are constrained to say that it fails to control the inference above stated, or to satisfy our minds, either as a matter of intention or of construction, that the testator did design to make a gift to the New York society, or that he did not contemplate that his bequest was to be for the use and benefit of the society at Boston. We are, therefore, all of opinion that in the action at law the plaintiffs are entitled to recover the amount of the legacy ; and that judgment must be entered therefor against the administrator accordingly.